**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

<table>
<tr>
<td>

NEW HEIGHTS LOGISTICS, LLC,

               Plaintiff,

    v.

PENSKE LEASING AND RENTAL COMPANY, and NATIONAL TRUCK PROTECTION,

               Defendants.

</td>
<td>

Civ. No. 22-00738 (GC) (JBD)

**MEMORANDUM OPINION**

</td>
</tr>
</table>

CASTNER, U.S.D.J.

      **THIS MATTER** comes before the Court upon the Court's December 13, 2022 and January 5, 2023 Orders to Show Cause to Plaintiff New Heights Logistics, LLC, and Defendant Penske Leasing and Rental Company, LP, as to why this matter should not be remanded to the Superior Court of New Jersey for lack of subject matter jurisdiction.  (*See* ECF Nos. 27 & 29.)  Plaintiff submitted letter briefing and accompanying exhibits on January 4 and 30, 2023 (*see* ECF Nos. 28 & 34), and Defendant Penske submitted letter briefing and accompanying exhibits on January 19, 2023 (*see* ECF No. 30).  Having carefully reviewed and considered the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78 and Local Civil Rule 78.1, the Court has determined for the reasons set forth herein, and for good cause shown, that it lacks subject matter jurisdiction, and the action shall be remanded for adjudication by the Superior Court of New Jersey, Law Division, Somerset County.

I.      **BACKGROUND**

A. **Procedural History & Facts Substantiated by Record Evidence[1]**

On or about January 7, 2022, Plaintiff New Heights Logistics, LLC ("Plaintiff"), a freight shipping company, filed a Complaint in the Superior Court of New Jersey, Law Division, Somerset County, Docket No. SOM-L-000023-22.  The Complaint alleged that Defendant Penske Leasing and Rental Company, LP ("Penske") had violated the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1, *et seq.*, and had acted in breach of contract, breach of warranty, and breach of implied warranties of good faith and fair dealing in connection with Plaintiff's purchase in August 2021 of a used 2016 Freightliner M2 to Box Truck from Penske (the "Vehicle").  (ECF No. 1, Ex. 1 ¶¶ 5, 15-54.)  Plaintiff essentially alleged that it had been sold a "lemon," that is, despite "promised and advertised conditions," the Vehicle had defects in the steering system (among others) that deprived Plaintiff of the Vehicle's proper use and allegedly impaired Plaintiff's business operations.  (*Id.* Ex. 1 ¶¶ 4-14.)

On or about February 10, 2022, Penske filed a notice of removal of the action to the United States District Court for the District of New Jersey.  (*See* ECF No. 1.)  Penske based removal on 28 U.S.C. § 1332, which generally allows a state-court action to be removed to federal court where there is complete diversity of the parties and the amount in controversy exceeds $75,000.00.  (*Id.* ¶¶ 13-14.)  At the time of removal, there appeared to be adequate diversity of the parties because Plaintiff is a limited liability company that appears to have been originally formed under the laws of Nevada and is now doing business in New Jersey (and claims that it has its principal place of business in New Jersey) with its sole member being Mildred Miller-King who resides in Manville,

---

[1]   In the interest of judicial economy, the Court has chosen to combine its recitation of the procedural history and relevant facts substantiated by the record.

New Jersey, and because Defendant Penske is a Delaware limited partnership based in Pennsylvania with its general and limited partners all being citizens of either Pennsylvania, Michigan, or Japan.  (*Id.* ¶¶ 9-13.)

Following removal, Penske moved before this Court on March 4, 2022, to dismiss Plaintiff's Complaint in its entirety.  (*See* ECF No. 4.)  Before Plaintiff responded, the parties submitted a consent order that was entered by the Court on March 30, 2022.  (ECF No. 11.)  The consent order dismissed Plaintiff's Complaint without prejudice, withdrew Penske's Motion to Dismiss without prejudice, and granted Plaintiff twenty (20) days to file an amended complaint. (*Id.* ¶¶ 1-4.)  It also stated that "[t]he parties further agree and stipulate that the United States District Court of New Jersey shall retain jurisdiction of the within case."  (*Id.* ¶ 5.)

Plaintiff's Amended Complaint was filed on April 12, 2022, and it notably eliminates Plaintiff's claim under the New Jersey Consumer Fraud Act and adds a new defendant, National Truck Protection Co., Inc. ("NTP").  (*See* ECF No. 13.)  The Amended Complaint alleges that Defendant NTP has its principal place of business in North Carolina and "provides commercial trucks with aftermarket warranties to pre-owned commercial trucks."  (*Id.* ¶ 4.)  It further alleges that, in addition to purchasing the Vehicle itself from Penske, Plaintiff purchased a 36-month "NTP Platinum warranty" on the Vehicle, which "is the most complete and comprehensive warranty program offered by N[TP]."  (*Id.* ¶ 13-14.)  Plaintiff maintains that both Penske and NTP have not honored their obligations under either the terms of the written warranty or other representations and express warranties made to Plaintiff at the time of purchase.  (*Id.* ¶¶ 43-45.)

On May 2, 2022, Penske answered the Amended Complaint.  (*See* ECF No. 18.)  After obtaining an extension of time, NTP answered on June 3, 2022.  (*See* ECF No. 24.)  In its answer, NTP represented that it was "a New Jersey Corporation."  (*Id.* at Preamble.)  In light of this representation, which meant that both Plaintiff (whose sole member is a resident of New Jersey)

3

and Defendant NTP were citizens of New Jersey, the Court directed counsel to advise by June 6, 2022, whether there was an agreement to remand the matter to the Superior Court of New Jersey. On June 6, counsel for Plaintiff advised "that the parties in this matter do not agree to a remand of this matter to state court." (ECF No. 25.) Consequently, on December 13, 2022, the Court directed Plaintiff to show cause in the form of a certification why the matter should not be remanded for lack of subject matter jurisdiction. (ECF No. 27.) A similar order was entered on January 5, 2023, directing Defendant Penske to show cause as well. (ECF No. 29.) Their arguments are summarized below.

Most recently, and to ensure there is no factual ambiguity, the Court directed NTP to submit its Disclosure Statement pursuant to Rule 7.1. (ECF No. 37.) On April 14, 2023, NTP submitted its Corporate Disclosure Statement confirming that "NTP's place of incorporation is New Jersey, and its principal place of business is" in North Carolina. (ECF. No. 38 ¶ 3.)

### B. Parties' Arguments in Response to Court's Orders to Show Cause

In response to the Court's Orders to Show Cause, the parties made various submissions as to the seeming lack of diversity pursuant to 28 U.S.C. § 1332.

Initially, on January 4, 2023, Plaintiff wrote to inform the Court that it had "no objections to th[e] matter being remanded to Superior Court of New Jersey." (ECF No. 28.)

Then, on January 19, 2023, Defendant Penske submitted a letter brief and exhibits in opposition to the matter being remanded. (*See* ECF No. 30.) Penske points out that the consent order that had granted Plaintiff permission to file its Amended Complaint had "not specifically allow[ed] plaintiff to add an additional party," and it argues that "Plaintiff's claims against Penske are different and distinct from its claims against NTP," making NTP neither an indispensable nor necessary party. (*Id.* at 1-2.) It submits that the "claims against Penske arise from the sale of the [V]ehicle and the Bill of Sale," while the "claims against NTP arise under the NTP warranty

4

contract." (*Id.* at 2.)  It claims that NTP is a "nominal party," and urges the Court not to remand the matter but to instead sever the claims against NTP and retain jurisdiction of the claims against Penske.  (*Id.* at 6.)

In reply, Plaintiff submitted a supplemental January 27, 2023 letter brief and exhibits.  (*See* ECF No. 34.)  Although Plaintiff submits that "there is adequate diversity between the parties . . . permitting th[e] Court to retain its jurisdiction," it also acknowledges that if NTP's representation that it is a New Jersey corporation is "[t]aken as true, NTP's joinder would defeat diversity."  (*Id.* at 3-5.)  Nevertheless, Plaintiff argues that the Court could either "choose to maintain jurisdiction since this action was removed before the non-diverse defendant was joined" or it could "permit the joinder and remand back to the Superior Court."  (*Id.* at 6.)  In either scenario, Plaintiff is adamant that, contrary to Penske's assertions, "NTP is an indispensable and necessary party."  (*Id.*)  Plaintiff underscores that it purchased the Vehicle from Penske and the warranty on the Vehicle from NTP simultaneously and that "neither Penske nor NTP is willing to take any responsibility" for defects in the Vehicle's transmission and power-steering and that they are, "[i]n essence, . . . just 'pointing fingers' at each other."  (*Id.* at 7.)  Plaintiff submits that both Penske and NTP are indispensable because both parties will need to be involved when apportioning liability and requiring two separate actions to be maintained (one against each defendant) would not only be inefficient but may lead to "contradictory findings of fact resulting in inconsistent obligations." (*Id.*)

## II.   <u>LEGAL STANDARD</u>

It is elemental that federal courts, unlike state courts, are courts of "limited jurisdiction, possessing 'only that power authorized by Constitution and statute.'"  *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 142 (3d Cir. 2017), *as amended* (Apr. 19, 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  "[I]n removed cases, '[i]f at any time before final

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.'" *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (quoting 28 U.S.C. § 1447(c)).  Indeed, a district court "must" dismiss an action "[i]f the court determines *at any time* that it lacks subject-matter jurisdiction."  Rule 12(h)(3) (emphasis added).

In actions, as here, where subject matter jurisdiction is founded on diversity pursuant to 28 U.S.C. § 1332, it has long been the rule that there must "complete diversity amongst the parties." *Kovalev v. Stepansky*, 835 F. App'x 678, 680 (3d Cir. 2020) (citing 28 U.S.C. § 1332(a)). "Complete diversity means that 'no plaintiff can be a citizen of the same state as any of the defendants.'"  *Id.* (quoting *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013)); *accord Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) ("For over two hundred years, the statute has been understood as requiring 'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005), and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010))).  The party or parties invoking diversity jurisdiction bear the burden to prove it by a preponderance of the evidence.  *See Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016).

When determining a corporation's citizenship, Section 1332 states that "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and . . . where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  For partnerships and LLCs, citizenship is determined by the citizenship of their partners or members.  *Lincoln Ben Life Co.*, 800 F.3d at 104-05; *see also Accurate Builders Ltd. Liab. Co. v. Rise Concrete LLC*, Civ. No. 22-04911, 2023 WL 2645054, at *2 (D.N.J. Mar. 27, 2023) ("[T]he citizenship of an LLC is determined by the citizenship of its members."  (citation omitted)).  "For complete diversity to exist, all of the LLC's

6

members 'must be diverse from all parties on the opposing side.'" *Lincoln Ben Life Co.*, 800 F.3d at 105.

III.   **DISCUSSION**

Based on the record before the Court, once Plaintiff filed the Amended Complaint, which added NTP as a defendant, there was no longer the "complete diversity" of parties necessary to maintain subject matter jurisdiction in federal court pursuant to 28 U.S.C. § 1332.  As an LLC with a sole member who is domiciled in New Jersey,[2] Plaintiff's citizenship is in New Jersey.  *See Lincoln Ben Life Co.*, 800 F.3d at 104-05.  As a corporation incorporated in New Jersey,[3] Defendant NTP's citizenship is also in New Jersey.  *See id.*; *see also* 28 U.S.C. § 1332(c)(1). Because these two parties (the single plaintiff and one of the two defendants) are both citizens of New Jersey, no subject matter jurisdiction exists to allow the action to proceed in federal court. *See McDermott v. CareAllies, Inc.,* 503 F. Supp. 3d 225, 229 (D.N.J. 2020) ("The addition of Calvitti complicates matters because Calvitti, like Plaintiff, is a New Jersey resident. . . .  Thus, Calvitti's presence arguably destroys the basis for federal jurisdiction over this matter.").

Both Penske and Plaintiff cite cases that they argue support the proposition that the Court can retain jurisdiction when post-removal joinder results in a loss of diversity.  (ECF No. 30 at 3; ECF No. 34 at 5.)  The cases they rely on, however, are readily distinguishable from the facts and circumstances here and do not alter the jurisdictional analysis.  Three of the cases cited address

---

[2]  In the Notice of Removal to Federal Court, Defendant Penske stated that Plaintiff is an LLC authorized to do business and doing business in Somerset County, New Jersey, and that "Plaintiff's sole member . . . is Mildred Miller-King who resides . . . [in] Manville, NJ 08835."  (ECF No. 1 ¶¶ 9-11.)  In response to this Court's Order to Show Cause, Plaintiff likewise confirmed that Ms. Miller-King is a resident of New Jersey and the LLC's sole member.  (ECF No. 34 at 4 ("Plaintiff's sole member is Mildred-Miller King, who resides in new Jersey.").)

[3]  In its answer to the Amended Complaint, NTP represented that it was "a New Jersey Corporation."  (ECF No. 24 at Preamble.)  It also stated in its Rule 7.1 Disclosure Statement that its "place of incorporation is New Jersey."  (ECF No. 38 ¶ 3.)

the forum-defendant rule, which generally precludes removal based on diversity to federal court by an in-state defendant, *see* 28 U.S.C. § 1441(b)(2), but has been held to allow removal in the narrow circumstance where the in-state defendant removes the action prior to being properly served.  *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 154 (3d Cir. 2018); *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 707 (2d Cir. 2019).  While the courts in those cases allowed the actions to remain in federal court notwithstanding the presence of an in-state defendant, there was complete diversity of the parties in those actions (which is no longer the case in the present action if NTP is added).  *See Encompass Ins. Co.*, 902 F.3d at 149 ("Encompass, a citizen of Illinois, then brought the instant action against Stone Mansion, a Pennsylvania corporation . . . ."); *Texas Brine Co.*, 955 F.3d at 485 ("Here, the district court had subject-matter jurisdiction because each defendant was diverse from the plaintiff."); *Gibbons*, 919 F.3d at 704 n.2 ("The parties do not contest that the plaintiffs in all fifteen actions now before this Court are diverse from Defendants.").

The other opinion cited, *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492 (3d Cir. 1996), dealt with jurisdiction under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, and the Third Circuit Court of Appeals there rejected strict application of the rule that would determine jurisdiction solely at the outset of the action. The Court noted that the district court in that case had some "*discretion*" pursuant to 28 U.S.C. § 1367 to retain supplemental jurisdiction even when the jurisdiction-conferring party had been dismissed, but the Court emphasized that it reached its conclusion in part because "the district court had invested considerable judicial resources and had resolved the case on its merits," and it cautioned that its holding should not be read to "even suggest that district courts should retain jurisdiction in similar situations."  *Id.* at 1504-05 (emphasis in original).  The cases cited by the

parties, then, do little to support this Court retaining jurisdiction in the action at bar if there is a lack of complete diversity and where judicial resources have not yet been heavily invested and no prejudice can be discerned by allowing this matter to proceed in state court.[4]

Penske makes much of the fact that the consent order that allowed Plaintiff to file its Amended Complaint "did not specifically allow plaintiff to add an additional party" (ECF No. 30 at 1); by that same token, however, the consent order that Penske agreed to and jointly presented to the Court did not expressly limit in any way the amendments that Plaintiff could make to its complaint (ECF No. 11 ¶ 3), and Penske answered the Amended Complaint on May 2, 2022, without objecting to the addition of Defendant NTP as a party.[5]  (*See* ECF No. 18.)  From the Court's own review of its docket, the first instance it has been able to identify of Penske raising any concern in writing about NTP's addition is in January 2023 in response to this Court questioning the issue of subject matter jurisdiction (*see* ECF No. 30) – more than nine months after NTP had been added as a defendant.

In any event, even had the addition of NTP been timely contested, district courts are authorized by statute to remand an action to state court if after removal additional defendants are joined that destroy subject matter jurisdiction.  28 U.S.C. § 1447(e).  Given that Plaintiff amended

---

[4]    From correspondence recently received from Plaintiff, it would appear that, other than responding to this Court's orders to show cause on the issue of subject matter jurisdiction, the parties themselves have expended limited resources since the Amended Complaint and the Defendants' answers were filed.  (ECF No. 36 at 2 ("Since the entry of the Court's January 5, 2023 Text Order, this case has come to a complete standstill.").)

[5]  The fact that Plaintiff and Penske agreed between themselves in the consent order that the District of New Jersey would retain jurisdiction is of no moment in this Court's analysis because the Court has an independent and continuing duty to evaluate its jurisdiction and parties cannot by consent create subject matter jurisdiction where it otherwise does not exist.  *See Nederland Shipping Corp. v. United States*, 18 F.4th 115, 122 n.7 (3d Cir. 2021) ("[P]arties cannot create subject matter jurisdiction." (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004))).

its complaint to add NTP in the early stages of this litigation (within two months of removal and before any scheduling order was entered limiting the time within which to join additional parties) and there being no evidence or argument that NTP was added by Plaintiff in an attempt to "forum shop" or thwart this Court's jurisdiction,[6] the Court sees no compelling reason to believe that such joinder was inequitable or not in the interests of justice, especially when having the claims against both Defendants arising from the same transaction decided in the same action would promote judicial economy and prevent duplicative litigation. *See, e.g.*, *City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F. Supp. 2d 742, 755 (D.N.J. 2008) (granting joinder and remand where there was "no undue delay or prejudice and the Court [wa]s satisfied that the primary purpose of the amendment [wa]s not to defeat federal jurisdiction").[7]

Finally, Penske's arguments that NTP should be viewed as a nominal or dispensable party and severed (despite no motion to sever having been presented to the Court) are ultimately unavailing. (ECF No. 30 at 3-6.) Although the Court has the discretion "to police the litigation's cast of characters . . . to preserve subject matter jurisdiction" on "just terms," *Avenatti v. Fox News Network LLC*, 41 F.4th 125, 131 (3d Cir. 2022), it does not find here that dismissing or severing NTP is the logical or just outcome under these circumstances. The Court understands the point made by Penske that the Bill of Sale is the primary contract it entered into with Plaintiff and the

---

[6] To the contrary, according to the Amended Complaint, it appears that Plaintiff was unaware that NTP was incorporated in New Jersey, and Plaintiff has in fact made arguments to support Penske's desire to keep this action in federal court with NTP as a defendant. (ECF No. 13 ¶¶ 1, 4; *see* ECF No. 34.) Plaintiff has also explained that it became aware of "the extent of NTP's involvement in this matter" only "through its . . . communications with counsel for Penske" shortly before the Amended Complaint was filed. (ECF No. 34 at 2.)

[7] *City of Perth Amboy* has been cited approvingly by the Third Circuit Court of Appeals for purposes of § 1447(e) analysis. *See Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 840-41 (3d Cir. 2014).

36-month warranty primarily governs NTP's legal obligations to Plaintiff, but as Plaintiff convincingly argued in its reply, this action concerns liability stemming from Plaintiff's purchase of a Vehicle that was allegedly defective despite express and written warranties that Plaintiff claims to have obtained from both Penske and NTP at the time of sale as to the same Vehicle. (ECF No. 34 at 6-8.)  While the operative contracts as to each Defendant may differ, having two separate actions maintained simultaneously in two different forums against two different defendants poses a real risk of inconsistencies that could affect the parties' interests.  The operative facts, witnesses, and conclusions to be made will largely overlap when determining and apportioning liability (if any) to Penske and NTP.  It is evident that both Defendants have a "real" interest in the answer to these factual and legal questions, and forcing there to be two separate adjudications would be an uneconomical and inequitable approach.  *See City of Perth Amboy*, 539 F. Supp. 2d at 754 ("There is no question that '[t]he most logical, economical and equitable approach is to determine the respective rights and liabilities of all relevant parties *inter se* in one proceeding.'" (quoting *Carter v. Dover Corp., Rotary Lift Div.*, 753 F. Supp. 577, 580 (E.D. Pa. 1991))); *see also Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

Accordingly, and for the reasons detailed above, the Court finds in its discretion that the joinder of NTP as a defendant in this action was appropriate pursuant to 28 U.S.C. § 1447(e), and because NTP's joinder eliminates subject matter jurisdiction, this action must be remanded to the state forum.

## IV.    **CONCLUSION**

The Court, therefore, **DISMISSES** the action because it lacks subject matter jurisdiction and **REMANDS** the action to the Superior Court of New Jersey, Law Division, Somerset County for adjudication.

Dated: April 20, 2023

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE